**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOHN TIMOTHY PRICE,**

                      **Plaintiff,**

      **v.**                                    **CASE NO. 22-3059-SAC**

**BLOUNT COUNTY, ALABAMA, et al.,**

                      **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff John Timothy Price, who is incarcerated at the Douglas County Jail in Lawrence, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that agents of two Kansas counties and two Alabama counties violated certain federal laws. The Court has identified several deficiencies in the complaint, which are set forth below and which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file an amended complaint on court-approved forms that cures those deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff names as defendants Blount County, Alabama; Jefferson County, Alabama; Shawnee County, Kansas; and Douglas County, Kansas. As the factual background for this complaint, Plaintiff alleges that unnamed county agents and their families breached his "Amazon Kindle Direct Publishing account" and "other revenue generating applications" and illicitly used them, along

1

with Plaintiff's "social media data [and] personal information" to block Plaintiff's access to his accounts and take other "actions in breach of their civil duties." (Doc. 1, p. 2-4.)  Plaintiff also alleges that the Defendants' agents aided unnamed "others" in planting and placing cellular devices. *Id.* at 3.

In Count I, Plaintiff alleges violations of the Economic Espionage Act (EEA), 18 U.S.C. §§ 1831-1839. *Id.* at 3. In Count II, Plaintiff alleges violations of the Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2510. *Id.* In Count III, Plaintiff alleges violations of the Electronic Fund Transfer Act (EFTA), 18 U.S.C. §§ 1693-1693r. *Id.* at 4. In his prayer for relief, Plaintiff appears to seek compensatory damages and any additional relief the Court deems proper. *Id.* at 5.

**II.   Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). When conducting this screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). As noted above, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith*

*v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

## III. Discussion

"To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009)(quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). The factual allegations in the complaint do not include any dates, do not identify any individuals who allegedly violated Plaintiff's rights, and do not contain sufficiently specific descriptions of the actions on which Plaintiff bases his case. Even liberally construing the complaint, it is unclear what specific actions Plaintiff asserts violated his federal rights. Thus, Plaintiff has failed to allege sufficient facts to state a claim on which relief can be granted.

In addition, Plaintiff names only counties as Defendants, although his factual allegations refer generally to county "agents"

and their families.[1] A § 1983 "defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Counties may be liable under § 1983 for acts taken by their employees, but a plaintiff suing a county under § 1983 must show that a county employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998)(citing *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 695 (1978)). Plaintiff has not identified any such custom or policy.

Next, Plaintiff has failed to allege a constitutional violation.[2] "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.*

---

[1] To the extent that Plaintiff wishes to base his claims on actions taken by county agents' family members, he is reminded that to state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law," which is a "jurisdictional requisite." See *West v. Atkins*, 487 U.S. 42, 42, 48-49 (1988). Merely private conduct does not satisfy the "under color of state law" element and therefore no § 1983 liability exists. See *Brentwood Academy v. Tenn. Secondary Athletic Ass'n*, 531 U.S. 288, 294-96 (2001).

[2] In the portion of the complaint regarding previous attempts at administrative relief, Plaintiff refers to his First Amendment rights, but he does not refer to the First Amendment in any of the portions of the complaint that describe his asserted claims for relief.

(emphasis in original)(citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). Section 1983 "safeguards certain rights conferred by federal statutes." *Blessing*, 520 U.S. at 340. But Plaintiff has not adequately identified a federal right he alleges was violated under which he can seek relief through a § 1983 action.

In Count I, Plaintiff alleges a violation of the EEA, which is a federal criminal statute. "[Section] 1983 does not allow [an individual] to pursue a violation of federal criminal law," *Lynch v. Bulman*, 2007 WL 2993612, at *2 (10th Cir. 2007) (unpublished order and judgment) (citing *Newcomb v. Ingle*, 827 675, 676 (10th Cir. 1987), and two unpublished Tenth Circuit opinions).

In Count II, Plaintiff alleges a violation of the ECPA. That statute establishes, in some instances, a private right of action. *See* 18 U.S.C. § 2520. However, the only provision of the ECPA to which Plaintiff cites is 18 U.S.C. § 2510, which provides definitions of terms used in the ECPA. If Plaintiff wishes to pursue a claim under the ECPA, he must identify which specific statute and provision he believes was violated and allege sufficient facts to state a plausible claim for relief.

Similarly, in Count III, Plaintiff alleges a violation of the EFTA, but he cites to the entirety of the act, 15 U.S.C. § 1693-1693r. If Plaintiff wishes to pursue a claim under the EFTA, he

must identify the provision he believes was violated and allege sufficient facts to state a plausible claim for relief.

## IV. Conclusion

For the reasons stated above, the complaint is subject to dismissal for failure to state a claim upon which relief could be granted. The Court will grant Plaintiff the opportunity to submit an amended complaint that cures the deficiencies identified in this order. The amended complaint must be submitted upon court-approved forms and Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff is cautioned that an amended complaint is not an addendum or supplement to the original complaint. Rather, an amended complaint completely replaces the earlier complaint and any claims or allegations not presented in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer to an earlier pleading. The amended complaint must contain all allegations and claims that Plaintiff intends to present in this action, including those in the original complaint. He must name all defendants in the caption of the complaint *and* he must allege in the body of the complaint specific facts describing each defendant's alleged violation of his constitutional or federal statutory rights, including dates, locations, and circumstances.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including May 5, 2022, to submit a complete and proper amended

7

complaint as directed. The clerk is directed to send 1983 forms and instructions to Plaintiff. The failure to timely file an amended complaint will result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 5th day of April, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge