**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JOHN TIMOTHY PRICE,

         **Plaintiff,**

    **v.**                     **CASE NO. 22-3059-SAC**

RONNIE MAC KENT, et al.,

         **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff John Timothy Price, who is incarcerated at the Douglas County Jail in Lawrence, Kansas, initiated this pro se civil action pursuant to 42 U.S.C. § 1983 on April 4, 2022 by filing a complaint alleging that agents of two Kansas counties and two Alabama counties violated federal laws. (Doc. 1.) Because Plaintiff is a prisoner, the Court was required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

Several deficiencies in the complaint left it subject to dismissal in its entirety, so the Court issued a Memorandum and Order to Show Cause (MOSC) on April 5, 2022, identifying the deficiencies and allowing Plaintiff the opportunity to file an amended complaint on court-approved forms that cures those deficiencies. (Doc. 4.) Plaintiff has now filed his amended

1

complaint (Doc. 6), which the Court also must screen under 28 U.S.C. § 1915A(a) and (b) and 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes this pro se amended complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Like the initial complaint, the amended complaint suffers from deficiencies that leave it subject to dismissal in its entirety. In the MOSC, the Court advised Plaintiff that "[h]e must name all defendants in the caption of the complaint and he must allege in the body of the complaint specific facts describing each defendant's alleged violation of his constitutional or federal statutory rights, including dates, locations, and circumstances." (Doc. 4, p. 7.) Plaintiff has not done so; the caption of the amended complaint identifies as defendants "Kent, Bearden, Bryant, Davis, Rucker, Bunting, Phelps, et al." (Doc. 6, p. 1.) But the body of the amended complaint does not allege specific facts showing when, where, and how each of these defendants violated Plaintiff's rights and it also refers to individuals not named as defendants in the caption, such as Officer Norton and Officer Sullivan, and attributes to them improper actions. *Id.* at 3.

In addition, the amended complaint does not state a claim upon which relief may be granted. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action

harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). As in the initial complaint, the factual allegations in the amended complaint do not adequately specify when or how any individual defendants allegedly violated Plaintiff's rights.[1] They also largely do not appear to relate to the bases for relief articulated as Counts I, II, and III of the amended complaint.

As the Court advised Plaintiff in the MOSC (Doc. 4, p. 5-6), "[s]ection 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *See Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original)(citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). Section 1983 "safeguards certain rights conferred by federal statutes." *Blessing*, 520 U.S. at 340. The MOSC explained, with respect to the initial complaint, that

---

[1] The factual allegations in the amended complaint include references to extortion in Alabama "around about and before January 17, 2017"; a download of Plaintiff's cell phone data during an undated arrest; unspecified "violation(s) involving" Topeka and Lawrence police Officers; a warrant in Shelby County; "a friend request from a Clay County Clerk's nephew"; Lawrence police officers coercing sworn testimony and giving "bogus testimony"; general references to "being treated indifferently" and actions of which Plaintiff is not yet aware; conclusory allegations that "each facility" accessed Plaintiff's electronic devices; and the distribution of Plaintiff's "account information . . . in an escrow fashion secreting funds."

Plaintiff had failed to adequately identify a federal right he believes was violated *and* for which he can seek relief in a § 1983 action:

> In Count I, Plaintiff alleges a violation of the [Economic Espionage Act (EEA)], which is a federal criminal statute. "[Section] 1983 does not allow [an individual] to pursue a violation of federal criminal law," *Lynch v. Bulman*, 2007 WL 2993612, at *2 (10th Cir. 2007) (unpublished order and judgment) (citing *Newcomb v. Ingle*, 827 [F.2d] 675, 676 [n.1] (10th Cir. 1987), and two unpublished Tenth Circuit opinions).

> In Count II, Plaintiff alleges a violation of the [Electronic Communications Privacy Act (ECPA)]. That statute establishes, in some instances, a private right of action. *See* 18 U.S.C. § 2520. However, the only provision of the ECPA to which Plaintiff cites is 18 U.S.C. § 2510, which provides definitions of terms used in the ECPA. If Plaintiff wishes to pursue a claim under the ECPA, he must identify which specific statute and provision he believes was violated and allege sufficient facts to state a plausible claim for relief.

> Similarly, in Count III, Plaintiff alleges a violation of the [Electronic Funds Transfer Act (EFTA)], but he cites to the entirety of the act, 15 U.S.C. § 1693-1693r. If Plaintiff wishes to pursue a claim under the EFTA, he must identify the provision he believes was violated and allege sufficient facts to state a plausible claim for relief.

(Doc. 4, p. 6-7.)

Despite this explanation, Count I of the amended complaint again alleges a violation of the EEA and Counts II and III, respectively, allege violations of the ECPA and the EFTA but do not specifically identify the statutory provisions violated. (Doc. 6, p. 4-5.) Although Plaintiff in the amended complaint has added references to "substantive law violation[s]," "[e]conomic due process," and the Fifth and Sixth Amendments, Plaintiff has not cured the deficiencies identified in the MOSC. Accordingly, the Court will dismiss this matter for failure to state a claim upon which relief can be granted.

The Court further finds that this dismissal should count as a strike under the Prison Litigation Reform Act (PLRA), which provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

In other words, each time a civil action or an appeal brought by a prisoner is dismissed "as 'frivolous' or 'malicious' or for 'fail[ing] to state a claim upon which relief may be granted,'" it

counts as a "strike" against the prisoner. *See Payton v. Ballinger*, 831 Fed. Appx. 898, 902 (10th Cir. 2020). This dismissal constitutes Plaintiff's third strike. *See Price v. Kagay*, 22-cv-3003-SAC (D. Kan. 2022); *Price v. Dixon*, 21-cv-3283-SAC (D. Kan. 2022). Because Plaintiff now has three strikes, he may not proceed in forma pauperis in a civil action or an appeal without showing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED** that this matter is dismissed for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

DATED:  This 21st day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge